IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARGARET M. WISINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-346 Erie |
| ) | |
| AMERICAN COMMERCE ) | |
| GROUP, INC., AMERICAN ) | |
| COMMERCE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendants. | |

## ORDER

On November 20, 2007, Plaintiff filed a Complaint against Defendants in the Court of Common Pleas of Erie County. Plaintiff sets forth claims of bad faith, breach of contract, and unfair trade practices arising out of Plaintiff's claim for uninsured motorist coverage following Plaintiff's motor vehicle accident with an uninsured motorist. Defendants removed this action to federal court on December 11, 2007, based on diversity of citizenship and the amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332.

Plaintiff has filed a motion to remand arguing that Defendants' notice of removal was untimely under 28 U.S.C. § 1446. Plaintiff agrees that Defendant filed the notice of removal within 30 days of the filing of the Complaint. However, Plaintiffs argue that for purposes of section 1446(b), an "initial pleading" triggering the 30-day time period for removal was satisfied by the Writ of Summons, Motion to Compel Arbitration, and Defendant's Motion for Reconsideration filed in the Erie County Court of Common Pleas all of which were filed by March 2006.

We agree with Defendants that removal was timely because the notice was filed within 30 days of the filing of the Complaint. Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3d Cir. 2005). Plaintiff's reliance on Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2nd Cir,.

2001), is unavailing as the Third Circuit stated that it was not adopting the Whitaker rule. Sikirica, 416 F.3d at 223. Therefore we will deny Plaintiff's motion to remand.

An Initial Case Management Conference in this case was set for February 13, 2008, before the Honorable Judge Sean McLaughlin. The parties in this action have conferred and filed with the Clerk of Court a Rule 26(f) Report. On January 18, 2008, Judge McLaughlin recused from this case. In light of the fact that parties appear ready to proceed with discovery, we will enter an Initial Case Management Order. In addition we will set an Initial Case Management/Status Conference for March 2008, at which time the Initial Case management Order can be reviewed and updated if necessary.

Accordingly, the following order is hereby entered.

AND NOW, to-wit, this 5-th day of February, 2008, it is HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand (Doc. 5) be and hereby is DENIED.

IT IS FURTHER ORDERED that an Initial Rule 16/Status Conference will be held before the undersigned on March 13, 2008 at 1:30 p.m., Courtroom A, U.S. Courthouse, 17 South Park Row, Erie, Pennsylvania . Counsel and unrepresented parties shall bring their calendars to the conference for scheduling purposes. The parties should be prepared to discuss settlement.

The parties shall proceed with discovery as set forth in the Initial Case Management Order, which shall be filed separately.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    counsel of record

2