# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET WISINSKI, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>AMERICAN COMMERCE )<br>GROUP, INC. and AMERICAN )<br>COMMERCE INSURANCE )<br>COMPANY, )<br>Defendant. ) | Civil No. 07-346 Erie |

## ORDER

Defendants have filed a Motion for reconsideration of the Court's January 4, 2011 Opinion and Order (ECF No. 73), with a brief in support of the motion.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999), *citing* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995); *see also* NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration."

Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov 04, 2003), *citing* Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002) (*citing* Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), *affirmed*, 31 F.3d 1175 (3d Cir.1994)); *see also* Johnson v. Diamond State Port Corp., 50 F.Appx. 554, 560 (3d Cir.2002)(unpublished)("[m]otions for reargument or reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" (*citing* Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990)).

Defendant presents as its basis for granting reconsideration that the Court committed a clear error of law in granting summary judgment in favor of Plaintiff by making legal determinations that are not supported by Pennsylvania law and alternatively, made factual conclusions that should have been left to the jury. Having reviewed the relevant documents and case law, we disagree.

For the most part, Defendants reassert the same arguments and point to the same evidence already presented to this court in the legal memoranda and related documentary evidence filed by both parties in support of their motions for summary judgment. For example, Defendants reargue that ACIC's low settlement offers had a reasonable basis in the evidence; that ACIC's opposition to arbitration was based on the reliance of outside counsel; that ACIC's threat to appeal an arbitration award in Plaintiff's favor was a consistently held position that ACIC believed it was not required to arbitrate; that ACIC did not coerce Plaintiff by insisting that she release her bad faith claims before final settlement; and that ACIC's insistence on including Medicare on any settlement proceeds was reasonable.

2

Defendants also argue that the court committed a clear error with regard to our finding that ACIC's conduct in failing to inform Plaintiff of the correct policy limits was unreasonable and done either intentionally or recklessly. Again, this is the same argument and evidence already presented with one exception. Defendants correctly point out that we erred in stating that the log notes indicate that Terri West misinformed Plaintiff that her policy limit was only $50,000. It is true that the log notes do not so indicate, but this does not change our conclusion. It remains as an undisputed fact that no one from ACIC informed Plaintiff of the correct policy limit of $100,000 until 2006, over four years after ACIC began handling the claim. In addition, Defendants cannot refute that ACIC personnel unreasonably and recklessly failed to perform the essential components of properly evaluating a policy in accord with ACIC's internal procedures.

Defendants also argue that we committed a clear error in resolving disputed issues of fact, but fail to point to evidence showing that a disputed fact exists. Instead, Defendants merely point to Pennsylvania decisions we cited in our Opinion that issued their rulings following non-jury trials. However, we relied on these cases for the propositions of law they contain or as indicative of factual scenarios that aided us in the instant case. Similarly, we relied on Judge Gibson's decision in Barry v. Ohio Casualty Group, 2007 WL 128878, (W.D. Pa.), for the proposition that we must consider the entire course of conduct in order to determine whether ACIC's handling of Ms. Wisinski's uninsured motorist claim was conducted in bad faith. The fact that disputed issues of fact were found in Barry has no bearing on the factual conclusions in this case.

Finally, we note that Defendants allege that we committed clear error when we "essentially" decided that ACIC was per se liable under 40 Pa.C.S.A. § 1171.5(a)(10(xi). This is a misreading of our Opinion. The purpose of citing to the Pennsylvania statute was to show that

3

ACIC's conduct in continuing to indicate to Plaintiff that it intended to appeal an unfavorable arbitration award in order to get her to accept a lower settlement offer was the type of behavior that Pennsylvania has specified as objectionable.

Accordingly, we will deny Defendant's motion for reconsideration.

AND NOW, to-wit, this 16th day of March, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Reconsideration (ECF No. 73) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge